**OLD COLONY TRUST CO. et al. v. DELANEY, Collector of Internal Revenue.**
**Civil Action No. 4969.**

District Court, D. Massachusetts.
Jan. 17, 1947.

Sumner H. Babcock and Bingham, Dana & Gould, all of Boston, Mass., for plaintiff.

George F. Garrity, U. S. Atty., and Thomas P. O'Connor, Asst. U. S. Atty., both of Boston, Mass., Sewall Key, Acting Asst. Atty. Gen., and Andrew D. Sharpe and James T. Garland, Sp. Assts. to Atty. Gen., for defendant.

SWEENEY, District Judge.

In this action the plaintiffs seek to recover estate taxes which they assert were illegally assessed and collected from them. The defendant denies the illegality of the collections, insofar as they relate to a deficiency assessed against the estate, by reason of a transfer allegedly made in contemplation of death.

At the trial, the defendant conceded the validity of the plaintiffs' claim for a refund of the deficiency assessed against the real estate in the amount of $266.06. The defendant also conceded the validity of the plaintiffs' claim for a further deduction from the gross estate of $6,500, which is the estimated cost of contesting the present suit and claims incidental thereto. Therefore, the only matter before the Court for decision is the question whether a transfer in trust by the decedent on June 9, 1941, of the sum of $74,015.63 for the benefit of the three grandchildren, constituted a transfer in comtemplation of death within the meaning of Section 811 (c) of the Internal Revenue Code, 26 U.S. C.A. Int.Rev.Code, § 811(c). All conditions precedent to the right to maintain this action have been satisfied.

### Findings of Fact.

The parties hereto have filed a statement of agreed facts which the Court adopts as its own findings of fact.

On June 9, 1941, the decedent, Frank A. Noyes, was 91 years old. He was mentally alert and of sufficient physical vigor to go to his office five days a week. He had a strong will and a determined mind. For a man of his age he was in unusually good physical condition. He was a partner with Mr. Colby in the grain business and he was the senior partner who made most of the important decisions. Mr. Noyes commuted daily from his home to his office by means of streetcars, subways, trains, and some walking. He attended to the firm's business both in his office and in the Grain Exchange. He was active in the management of the Exchange's affairs and often consulted with other members about them. He had previously executed a will bequeathing his property in trust to his three grandchildren. Up to that time he had never made any unusual gifts to the grandchildren and had not made any allowance to two of them; to one granddaughter he had made monthly contributions in the amount of $25. On June 9, 1941, he transferred the sum of $74,015.63 to the plaintiffs to be held in trust for the benefit of the three grandchildren. The trust instrument provided that the income should be paid to the grandchildren during a five year period, and that there should be a full distribution at the end of that time. On the same day he executed a second codicil to his will incorporating into the will almost the identical provision for a five year trust period. This same provision had been incorporated in the original will and the purpose of this codicil was to clarify the original bequest. The only point I make of the execution of the codicil on the same day as the trust, is to show that on that day he certainly had under consideration some thoughts with regard to his will and the vesting of the property on his death.

The decedent passed away on September 7, 1942, and, this being within two years from the date of the creation of the trust, there is a presumption under Section 811(c) of the Internal Revenue Code that the transfer made on June 9, 1941, was made in contemplation of death. This is a particularly strong presumption when we consider that the donor was 91 years of age and had already lived long beyond the usual allotted span of life. Regardless of how strong the presumption is, it becomes the duty of the plaintiffs to main-

tain the burden of proof that the transfer was not made in contemplation of death. First Trust & Deposit Co. v. Shaughnessy, 2 Cir., 134 F.2d 940, 941; certiorari denied 320 U.S. 744, 64 S.Ct. 46, 88 L.Ed. 442. The evidence presented by the plaintiffs, taken in the light which is most favorable to them, does not overcome the presumption.

Even if the presumption did not exist I think that the result would be the same. The association between the trust instrument and the codicil to his will, executed on the same day and probably at the same time, is too close to separate the contemplation of death from the trust instrument while attaching it to the codicil.

### Conclusions of Law.

From the foregoing I conclude and rule that the plaintiffs are not entitled to recover the deficiency assessed by reason of the gift made on June 9, 1941. However, judgment may be entered in favor of the plaintiffs by reason of the defendant's concession in open court that they are entitled to a deduction in the amount of $6,500, being the cost of contesting this action, together with a refund in the amount of $266.06 because of the real estate deficiency assessment, with the statutory interest.

Judgment may be prepared in accordance with the above.